UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |
| Michael Bianco, individually, as surviving child of Joseph Agnello<br><br>Angeli Ylanan Agarwala, individually, as surviving child of Mukul Kumar Agarwala<br><br>John Doe 134, being intended to designate the Personal Representative of the Estate of Mukul Kumar Agarwala , deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Mukul Kumar Agarwala<br><br>Rhea Shome, individually, as surviving spouse of Mukul Kumar Agarwala<br><br>Barry Allen, individually, as surviving sibling of Eric Allen<br><br>Barry Allen as Personal Representative of the Estate of Edward Allen, deceased, the late sibling of Eric Allen<br><br>Barry Allen as Personal Representative of the Estate of Laetita "Letty" Allen, deceased, the late parent of Eric Allen<br><br>Marian Allen, individually, as surviving sibling of Eric Allen<br><br>Aaron Antigua, individually, as surviving child of Lorraine Antigua | XX-CV-XXXXX (GBD)(SN)<br><br>**SUDAN SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

| | |
|---|---|
| Caitlin Antigua, individually, as surviving child of Lorraine Antigua<br><br>Charles Schroeder, individually, as surviving parent of Lorraine Antigua<br><br>John Doe 76, being intended to designate the Personal Representative of the Estate of Lorraine Antigua, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Lorraine Antigua<br><br>Nadine Pappas-Wilkes, as Personal Representative of the Estate of Brian Wilkes, deceased, the late spouse of Lorraine Antigua<br><br>Ramona Schroeder, individually, as surviving parent of Lorraine Antigua<br><br>Barbara Ann Sullivan, individually, as surviving sibling of James W. Barbella<br><br>Joan Ruth Puwalski, individually, as surviving spouse of Steven J. Bates<br><br>John Doe 70, being intended to designate the Personal Representative of the Estate of Steven J. Bates, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven J. Bates<br><br>August Bernaerts, individually, as surviving sibling of Donna Bernaerts-Kearns | |

| | |
|---|---|
| John Doe 84, being intended to designate the Personal Representative of the Estate of Donna Bernaerts-Kearns, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Donna Bernaerts-Kearns<br><br>Elizabeth Linker, individually, as surviving sibling of William G. Biggart<br><br>Margaret Burke a/k/a Margaret Biggart, individually, as surviving sibling of William G. Biggart<br><br>Peter Biggart, individually, as surviving child of William G. Biggart<br><br>William J. Biggart, individually, as surviving child of William G. Biggart<br><br>John Doe 4, being intended to designate the Personal Representative of the Estate of George Bishop, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of George Bishop<br><br>William Bishop, individually, as surviving child of George Bishop<br><br>John Doe 5, being intended to designate the Personal Representative of the Estate of Carrie R. Blagburn, deceased, said name being fictitious, her/his true name is not | |

| | |
|---|---|
| presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Carrie R. Blagburn<br><br>Kevin Smith, individually, as surviving child of Carrie R. Blagburn<br><br>Kim Williams, individually, as surviving child of Carrie R. Blagburn<br><br>Benjamin Dominguez, Jr., individually, as surviving sibling of Carlos Dominguez<br><br>Benjamin Dominguez, Jr. as Personal Representative of the Estate of Benjamin Dominguez, Sr., deceased, the late parent of Carlos Dominguez<br><br>Benjamin Dominguez, Jr. as Personal Representative of the Estate of Eugenia Dominguez, deceased, the late parent of Carlos Dominguez<br><br>Joan Harrison as Personal Representative of the Estate of Brian McShane, deceased, the late sibling of Terence McShane<br><br>John McShane, individually, as surviving sibling of Terence McShane<br><br>Kieran McShane, individually, as surviving sibling of Terence McShane<br><br>Kieran McShane, as Personal Representative of the Estate of Jeanne McShane, deceased, the late parent of Terence McShane<br><br>Maribeth Eccleston, individually, as surviving sibling of Terence McShane | |

| | |
|---|---|
| Patricia Morello, individually, as surviving parent of Vincent S. Morello<br><br>Patricia Morello as Personal Representative of the Estate of John Morello, deceased, the late parent of Vincent S. Morello<br><br>Christine O'Neill, as Personal Representative of the Estate of John F. O'Neill, deceased, the late parent of John P. O'Neill, Sr.<br><br>Barbara Timpone, individually, as surviving sibling of Dennis Pierce<br><br>Carey Pierce, individually, as surviving sibling of Dennis Pierce<br><br>John Doe 97, being intended to designate the Personal Representative of the Estate of Dennis Pierce, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Dennis Pierce,<br><br>Plaintiffs,<br><br>-against-<br><br>The Republic of the Sudan,<br><br>Defendant. | |

Plaintiffs named herein by and through the undersigned counsel file this Short Form Complaint against Defendant, the Republic of the Sudan, arising out of the September 11, 2001 terrorist attacks (“September 11, 2001 Terrorist Attacks”), as permitted and approved by the Court’s Order of December 1, 2020, ECF No. 6547. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Consolidated Amended Complaint as to the

Republic of the Sudan ("SCAC"), ECF No. 6539, or (b) the Ashton Amended Complaint as to Sudan Defendants in *Ashton v. the Republic of the Sudan*, No. 02-CV- 6977 (GBD)(SN), ECF No. 6537 (in 03-md-1570) (hereinafter "*Ashton* Sudan Amended Complaint").

Upon filing this Sudan Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

## VENUE

1. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2. Jurisdiction is premised on the grounds set forth in the complaints specified below, and further, jurisdiction of this Sudan Short Form Complaint is premised upon and applicable to all defendants in this action:

☐ 28 U.S.C. § 1605(a)(5) (non-commercial tort exception)

☒ 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act)

☐ 28 U.S.C. § 1330 (actions against foreign states)

☐ Other (set forth below the basis of any additional ground for jurisdiction and plead such in sufficient detail as per the FRCP):

__________________________________________________________
__________________________________________________________
__________________________________________________________
__________________________________________________________



docs-100591989.1

## CAUSES OF ACTION

3. Each Plaintiff hereby adopts and incorporates herein by reference the following factual allegations, jurisdictional allegations, and jury trial demand in the following complaint [**check only one complaint**] and the following causes of action set forth in that complaint:

☒ **Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539 (check all causes of action that apply):**

☒ COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[1]

☒ COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

☒ COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☒ COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

☒ COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.

☒ COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☒ COUNT VII – Negligence, on behalf of all plaintiffs.

---

1 Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal representatives of persons described in (1), (2), or (3).

2 See preceding footnote.

3 The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context claims under JASTA or the ATA refers to all such parties.

- ☒ COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.
- ☒ COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]
- ☒ COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.
- ☒ COUNT XI – Conspiracy, on behalf of all plaintiffs.
- ☒ COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.
- ☒ COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.
- ☒ COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts §317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.
- ☒ COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.
- ☒ COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.
- ☒ COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.
- ☒ COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

☐ ***Ashton* Sudan Amended Complaint, ECF No. 6537 (check all causes of action that apply):**

- ☐ First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.
- ☐ Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.

---

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S. nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

- ☐ Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.

- ☐ Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.

- ☐ Fifth Cause of Action for Punitive Damages.

- ☐ Sixth Cause of Action for Property Damage.

☐ **Each Plaintiff asserts the following additional theories and/or Causes of Action against the Republic of the Sudan:**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

## IDENTIFICATION OF PLAINTIFFS

4. The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Sudan Short Form Complaint, herein referred to as "Plaintiffs."

a. The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Sudan Short Form Complaint.

b. Plaintiff is entitled to recover damages on the causes of action set forth in this Sudan Short Form Complaint.

c. As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d. For those Plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e. For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered

bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Sudan Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f. The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

5. The only Defendant named in this Sudan Short Form Complaint is the Republic of the Sudan.

## NO WAIVER OF OTHER CLAIMS

6. By filing this Sudan Short Form Complaint, Plaintiff(s) is/are not waiving any right to file suit against any other potential defendants or parties.

7. By filing this Sudan Short Form Complaint, Plaintiff(s) are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

8. Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Sudan Short Form Complaint as appropriate.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Jerry S. Goldman*

Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
7 Times Square, 7th Floor
New York, NY 10036
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*Attorneys for Plaintiffs*

**APPENDIX 1**

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Sudan Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Sudan Short Form Complaint, Allegation 2 of Appendix 1 to the Sudan Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent | 9/11 Decedent's Citizenship/ Nationality on 9/11/2001 | Nature of Claim (wrongful death, solatium, personal injury) |
|---|---|---|---|---|---|---|---|
| 1 | Angeli Ylanan Agarwala | NJ | United States | Mukul Kumar Agarwala | Child | United States | Solatium |
| 2 | John Doe 134 | NJ | United States | Mukul Kumar Agarwala | PR | United States | Solatium/Wrongful Death |
| 3 | Rhea Shome | NY | United States | Mukul Kumar Agarwala | Spouse | United States | Solatium |
| 4 | Michael Bianco | NJ | United States | Joseph Agnello | Child | United States | Solatium |
| 5 | Barry Allen | NJ | United States | Eric Allen | Sibling | United States | Solatium |
| 6 | Barry Allen as Personal Representative of the Estate of Edward Allen | NJ | United States | Eric Allen | Sibling (Deceased) | United States | Solatium |
| 7 | Barry Allen as Personal Representative of the Estate of Laetita "Letty" Allen | NJ | United States | Eric Allen | Parent (Deceased) | United States | Solatium |
| 8 | Marian Allen | FL | United States | Eric Allen | Sibling | United States | Solatium |
| 9 | Aaron Antigua | FL | United States | Lorraine Antigua | Child | United States | Solatium |
| 10 | Caitlin Antigua | FL | United States | Lorraine Antigua | Child | United States | Solatium |
| 11 | Charles Schroeder | NJ | United States | Lorraine Antigua | Parent | United States | Solatium |
| 12 | John Doe 76 | NJ | United States | Lorraine Antigua | PR | United States | Solatium/Wrongful Death |
| 13 | Nadine Pappas-Wilkes, as Personal Representative of | NJ | United States | Lorraine Antigua | Spouse (Deceased) | United States | Solatium |



docs-100591989.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | the Estate of Brian Wilkes | | | | | | |
| 14 | Ramona Schroeder | NJ | United States | Lorraine Antigua | Parent | United States | Solatium |
| 15 | Barbara Ann Sullivan | TX | United States | James W. Barbella | Sibling | United States | Solatium |
| 16 | Joan Ruth Puwalski | NY | United States | Steven J. Bates | Spouse | United States | Solatium |
| 17 | John Doe 70 | NY | United States | Steven J. Bates | PR | United States | Solatium/Wrongful Death |
| 18 | August Bernaerts | NJ | United States | Donna Bernaerts-Kearns | Sibling | United States | Solatium |
| 19 | John Doe 84 | NJ | United States | Donna Bernaerts-Kearns | PR | United States | Solatium/Wrongful Death |
| 20 | Elizabeth Linker | NY | United States | William G. Biggart | Sibling | United States | Solatium |
| 21 | Margaret Burke a/k/a Margaret Biggart | NY | United States | William G. Biggart | Sibling | United States | Solatium |
| 22 | Peter Biggart | NY | United States | William G. Biggart | Child | United States | Solatium |
| 23 | William J. Biggart | NY | United States | William G. Biggart | Child | United States | Solatium |
| 24 | John Doe 4 | NY | United States | George Bishop | PR | United States | Solatium/Wrongful Death |
| 25 | William Bishop | NJ | United States | George Bishop | Child | United States | Solatium |
| 26 | John Doe 5 | MD | United States | Carrie R. Blagburn | PR | United States | Solatium/Wrongful Death |
| 27 | Kevin Smith | TX | United States | Carrie R. Blagburn | Child | United States | Solatium |
| 28 | Kim Williams | MD | United States | Carrie R. Blagburn | Child | United States | Solatium |
| 29 | Benjamin Dominguez, Jr. | VT | United States | Carlos Dominguez | Sibling | United States | Solatium |
| 30 | Benjamin Dominguez, Jr. as Personal Representative of the Estate of Benjamin Dominguez, Sr. | VT | United States | Carlos Dominguez | Parent (Deceased) | United States | Solatium |
| 31 | Benjamin Dominguez, Jr. as Personal | VT | United States | Carlos Dominguez | Parent (Deceased) | United States | Solatium |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Representative of the Estate of Eugenia Dominguez | | | | | | |
| 32 | Joan Harrison as Personal Representative of the Estate of Brian McShane | NY | United States | Terence McShane | Sibling (Deceased) | United States | Solatium |
| 33 | John McShane | NY | United States | Terence McShane | Sibling | United States | Solatium |
| 34 | Kieran McShane | NY | United States | Terence McShane | Sibling | United States | Solatium |
| 35 | Kieran McShane, as Personal Representative of the Estate of Jeanne McShane | NY | United States | Terence McShane | Parent (Deceased) | United States | Solatium |
| 36 | Maribeth Eccleston | NY | United States | Terence McShane | Sibling | United States | Solatium |
| 37 | Patricia Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 38 | Patricia Morello as Personal Representative of the Estate of John Morello | NY | United States | Vincent S. Morello | Parent (Deceased) | United States | Solatium |
| 39 | Christine O'Neill, as Personal Representative of the Estate of John F. O'Neill | MD | United States | John P. O'Neill, Sr. | Parent (Deceased) | United States | Solatium |
| 40 | Barbara Timpone | AZ | United States | Dennis Pierce | Sibling | United States | Solatium |
| 41 | Carey Pierce | AZ | United States | Dennis Pierce | Sibling | United States | Solatium |
| 42 | John Doe 97 | NY | United States | Dennis Pierce | PR | United States | Solatium/Wrongful Death |